**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>P.O. Box 950<br>One Bala Plaza, Suite 100<br>Bala Cynwyd, PA 19004 | *<br>*<br>* | |
| Plaintiff, | * | |
| v. | * | Civil Action No. _____ |
| NORTHERN VIRGINIA REGIONAL PARK AUTHORITY<br>5400 Ox Road<br>Fairfax Station, VA 22039 | *<br>*<br>* | |
| Serve On: Chris Pauley, Director of Operations | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Philadelphia Indemnity Insurance Company brings this Complaint for Declaratory Judgment against Northern Virginia Regional Park Authority and states as follows:

PARTIES

1. Philadelphia Indemnity Insurance Company ("PIIC") is a corporation organized and existing in the Commonwealth of Pennsylvania.

2. Northern Virginia Regional Park Authority ("NOVA Parks") is a corporation organized and existing in the Commonwealth of Virginia.

## THE UNDERLYING CASES

3.     On April 1, 2017, Mrs. Pamela Riffe and her husband Mr. Brian Riffe were attending a regatta at Sandy Sun Regional Park ("Sandy Sun") in Fairfax, Virginia, a regional park owned and operated by NOVA Parks. Worldwide Express, LLC ("Worldwide") operated a bus service at Sandy Sun that day to transport patrons from the satellite parking lot to the event. The Riffes were passengers on a Worldwide-operated bus transporting patrons back to the satellite parking lot, when the driver of the bus hit a speed hump on the gravel road, causing the Riffes to be bumped from their seats, allegedly causing injuries.

4.     Brian Riffe filed a Complaint against Worldwide and the bus driver in 2017 following the incident, seeking damages for the injuries he allegedly sustained on April 1, 2017. On January 3, 2019, Mr. Riffe settled his claim with Worldwide and the bus driver for $285,000.00. On January 29, 2019, Mrs. Riffe filed her own Complaint against Worldwide and the bus driver, seeking damages for the injuries she sustained on April 1, 2017. Mrs. Riffe's Complaint alleges negligence against Worldwide and the bus driver, as well as one count against the bus driver for driving without a commercial driver's license, and one count against Worldwide for negligent hiring and supervision.

5.     PIIC insured Worldwide and the bus driver, through Policy No. PHPK1540218, for the claims brought by Mr. and Mrs. Riffe. PIIC defended Worldwide and the bus driver against Mr. Riffe's claims, ultimately paying the settlement of $285,000.00 in that case on their behalf. Mrs. Riffe's case is currently still open and PIIC is defending Worldwide and the bus driver against her claims. Consequently, PIIC is the real party in interest to this declaratory judgment action.[1]

---

[1] *See Hudgins v. Jones,* 205 Va. 495, 500, 138 S.E.2d 16 (1964) ("The right to contribution is not a personal right of the tort-feasor but is a chose [sic] in action to which the insurer may be subrogated. Plaintiffs specifically alleged in their complaint that the insurance company had paid the compromise settlement to [underlying claimant] and that

## JURISDICTION

6.Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, the matter in controversy involves a declaration of the rights, duties, and obligations under an insurance policy.

7.This Court has jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00 and is between citizens of different states.

## VENUE

8.Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events in dispute occurred in this judicial district.

## COUNT ONE: CONTRIBUTION AND NEGLIGENCE

9.Prior to April 1, 2017, and at all times relevant, NOVA Parks owed a duty to patrons of Sandy Sun, including the Riffes, to safely construct, maintain, inspect and repair the speed humps in its parks and to ensure they were in a reasonably safe condition for public use.

10.NOVA Parks was negligent in carrying out the described responsibilities and failed to act within its duty of care in the following respects:

a.The speed hump installed on the gravel road within Sandy Sun violated the applicable codes, standards, and engineering practices in Virginia.

b.The speed hump was not professionally engineered or constructed to the standard of care as expressed in the literature and technical guidelines for standard speed humps utilized for general traffic control.

c.The speed hump was not of a sufficient width to allow a vehicle to safely and gradually traverse up and over.

---

this suit was for the use and benefit of the [insurance company]. It was thus obvious from the pleadings that [the insurance company] was a real party in interest.").

      d.   The speed hump was not uniform in height.

      e.   The speed hump was too high, especially where the natural erosion resulted in rutting nearby.

      f.   The speed hump was not marked with contrast color paint.

      g.   The speed hump was not marked by signage at its location.

      h.   The speed hump was not marked by signage denoting the maximum safe speed.

11.     As a direct and proximate result of the aforesaid negligent acts and omissions, the Riffes allegedly suffered personal injuries, incurring medical expenses.

12.     Plaintiff denies any and all negligence or wrongdoing by Worldwide Express and its driver, and maintains that all injuries, losses and damages sustained by the Riffes were sustained in whole or in part as a result of NOVA Parks' negligence, and that NOVA Parks is responsible and liable for the Riffes' damages.

13.     Since Plaintiff's insureds were and are the only named defendants in the underlying cases, Plaintiff will have to pay more than its fair share in damages or settlement of this case, and Plaintiff is entitled to contribution from NOVA Parks for the amount Plaintiff has paid to Mr. Riffe and may pay to Mrs. Riffe for damages caused by NOVA Parks' negligence.

     WHEREFORE, the Plaintiff, Philadelphia Indemnity Insurance Company, seeks judgment against the Northern Virginia Regional Park Authority, in an amount no greater than the amount to be paid to Pamela and Brian Riffe representing NOVA Parks' contribution liability, together with costs of litigation and for any and all further relief this court deems just and proper, and further demands trial by jury of all issues triable as of right by jury.

## COUNT TWO: INDEMNIFICATION AND NEGLIGENCE

14. Plaintiff hereby reiterates and incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

15. On or about January 3, 2019, Mr. Riffe settled his claims with Worldwide and the bus driver for $285,000.00, which was paid by PIIC.

16. On or about January 29, 2019, Ms. Riffe filed suit in the Circuit Court for Fairfax County, case number CL2019-01342 in which Worldwide Express, Plaintiff's insured, was made a party.

17. The Riffes' alleged injuries were caused entirely by NOVA Parks' negligence in carrying out the described responsibilities and failure to act within its duty of care in the following respects:

   a. The speed hump installed on the gravel road within Sandy Sun violated the applicable codes, standards, and engineering practices in Virginia.

   b. The speed hump was not professionally engineered or constructed to the standard of care as expressed in the literature and technical guidelines for standard speed humps utilized for general traffic control.

   c. The speed hump was not of a sufficient width to allow a vehicle to safely and gradually traverse up and over.

   d. The speed hump was not uniform in height.

   e. The speed hump was too high, especially where the natural erosion resulted in rutting nearby.

   f. The speed hump was not marked with contrast color paint.

   g. The speed hump was not marked by signage at its location.

      h.   The speed hump was not marked by signage denoting the maximum safe speed.

18.    As a direct and proximate result of the aforesaid negligent acts and omissions, the Riffes allegedly suffered personal injuries, incurring medical expenses.

19.    Plaintiff denies any and all negligence or wrongdoing by Worldwide Express and its driver, and maintains that all injuries, losses and damages sustained by the Riffes were sustained as a result of NOVA Parks' sole negligence, and that NOVA Parks is responsible and liable for the Riffes' damages.

20.    Therefore, Plaintiff is entitled to the full amount Plaintiff has paid to Mr. Riffe and the full amount it may pay to Mrs. Riffe for damages caused by the incident on April 1, 2017 that resulted in the Riffes' injuries.

    WHEREFORE, the Plaintiff, Philadelphia Indemnity Insurance Company, seeks judgment against the Northern Virginia Regional Park Authority, in an amount no greater than the amount paid to Pamela and Brian Riffe representing NOVA Parks' indemnification liability, together with costs of litigation and for any and all further relief this court deems just and proper, and further demands trial by jury of all issues triable as of right by jury.

                        Respectfully submitted,

                        PHILADELPHIA INDEMNITY
                        INSURANCE COMPANY
                        By counsel

COUNSEL:

 /s/ Rachel D.G. Horvath
Rachel D.G. Horvath
Virginia Bar Number 80487
Attorneys for Plaintiff
Morin & Barkley LLP
455 Second Street S.E., Suite 200
Post Office Box 240
Charlottesville, Virginia 22902
Phone: (434) 293-1200
Fax:  (434) 293-2135
rhorvath@morinandbarkley.com